1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    CCF VENTURES LLC,

10              Plaintiff,                No. CIV 2:12cv2533-JAM-JFM (PS)

11        vs.

12   RENE ORTEGA,                         ORDER AND

13              Defendant.                FINDINGS & RECOMMENDATIONS

14   _____/

15          Plaintiff CCF Ventures, LLC, commenced an unlawful detainer action in

16   Sacramento County Superior Court on July 30, 2012.  Notice of Removal ("NOR") at 1, Compl.

17   Defendant Rene Ortega removed this action on October 10, 2012 purportedly on the basis of

18   subject matter jurisdiction, along with a request to proceed in forma pauperis.  Also pending is

19   plaintiff's October 30, 2012 motion to remand and ex parte application to shorten time.

20          Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma

21   pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a

22   claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks

23   jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

24          Courts "strictly construe the removal statute against removal jurisdiction," and

25   "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles,

26   Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is

1

1    any doubt as to the right of removal in the first instance." Id.  Removal is proper only if the

2    court could have exercised jurisdiction over the action had it originally been filed in federal

3    court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of

4    federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

5    that federal jurisdiction exists only when a federal question is presented on the face of the

6    plaintiff's properly pleaded complaint." Id.

7               With the Notice of Removal, defendant provides a copy of the complaint filed in

8    Sacramento County Superior Court.  The complaint contains a single claim for unlawful

9    detainer.  In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to

10   the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The PFTA

11   provides protections to tenants who reside in properties subject to foreclosure, including the

12   requirement that a 90–day notice to vacate be given to bona fide tenants. See SD Coastline LP v.

13   Buck, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint

14   for unlawful detainer does not state claims under any federal law.  Rather, defendant appears to

15   assert the PFTA is at issue by virtue of defendant's defense to the action.[1]

16              Removal, however, cannot be based on a defense, counterclaim, cross-claim, or

17   third-party claim raising a federal question, whether filed in state or federal court. See Vaden v.

18   Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc.

19   v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011

20   WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL

21   5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action

22   is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this

23   action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

24   _____

25        [1] Additionally, federal district courts have concluded that the PFTA does not create a
     federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank
     Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC
26   Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1    For the reasons set forth above, IT IS HEREBY ORDERED that:

2    1.  Defendant's October 10, 2012 motion to proceed in forma pauperis is denied;

3    2.  Plaintiff's October 30, 2012 ex parte application to shorten time is denied;

4    3.  Plaintiff's October 30, 2012 motion to remand is denied as moot; and

5    IT IS HEREBY RECOMMENDED that this case be remanded to the Sacramento

6  County Superior Court for lack of jurisdiction.

7    These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9  days after being served with these findings and recommendations, defendants may file written

10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Any response to the objections shall be filed and served

12  within fourteen days after service of the objections.  Defendants are advised that failure to file

13  objections within the specified time may waive the right to appeal the District Court's order.

14  DATED: November 1, 2012.

15

16    UNITED STATES MAGISTRATE JUDGE

17

18  /014;ccf2533.remand

19

20

21

22

23

24

25

26